**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDRE DESROSIERS,
individually and on behalf
of similarly situated individuals,

        Plaintiff,

  v.

ASSET ACCEPTANCE, LLC,

        Defendant.
_____/

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540
john@kelawpc.com

*Counsel for Plaintiff*
_____/

Case No. 14-13704

**CLASS ACTION**

**JURY DEMANDED**

**COMPLAINT**

**INTRODUCTION**

    1.    Plaintiff, Andre Desrosiers, ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons against Defendant Asset Acceptance LLC ("Asset Acceptance").

    2.    On January 31, 2012, Asset Acceptance entered into a Consent Decree in the matter, *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T27EAJ, Doc. 5,

Consent Decree (M.D. Fla. Jan. 31, 2012), (the "Consent Decree"), in which Asset Acceptance specifically agreed under certain conditions when collecting a debt to state in the collection letter, "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it."

     3.     Despite Asset Acceptance entering into the Consent Decree, Asset Acceptance continued its practice of attempting to collect time barred debts without including the quoted language in the Consent Decree in its form collection letters.

     4.     Asset Acceptance violated the Fair Debt Collection Practices Act ("FDCPA") in impermissibly attempting to collect a debt from Plaintiff that was barred by the Michigan six (6) year statute of limitations in sending him a Settlement Offer a 95% Discount off the debt. (Exhibit A).

## JURISDICTION AND VENUE

     5.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k (FDCPA).

     6.     Venue and personal jurisdiction over Defendant in this District is proper because:

     a. Plaintiff resides in the District; and

     b. Asset Acceptance's principal office is located at 28405 Van Dyke Ave., Warren, Michigan; and

     c. Asset Acceptance used P.O. Box 2036, Warren, MI 48090-2036, as the return address in the subject letter.

## PARTIES

     7.     Plaintiff is a natural person who resides within Wayne County, Michigan.

8. Asset Acceptance, LLC is a limited liability company chartered under Delaware law. Asset Acceptance's registered agent in the State of Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, MI 48823.

9. Asset Acceptance is a debt collector under the FDCPA in that it attempts to collect debts purchased from original creditors that are in default. *See McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D. Mich. 2013) (fining class wide liability under the FDCPA against Asset Acceptance); *see also Asset Acceptance Corp. v. Robinson*, 244 Mich. App. 728, 734 (Mich. App. 2001).

## FACTS

10. Plaintiff incurred a debt for personal, family or household purposes, fell upon hard times and subsequently defaulted on his obligations.

11. On information and belief, Asset Acceptance purchased Plaintiff's debt in a portfolio of similar debts at pennies on the dollar.

12. Asset Acceptance attempted to collect the debt Plaintiff was in default on.

13. As part of Asset Acceptance's attempt to collect a debt from Plaintiff, Asset Acceptance sent, or caused to be sent, a letter dated March 1, 2014, (Defendant's "letter"), of which a redacted copy of the front of the letter which is as follows:

**Asset Acceptance, LLC**

Toll Free 1-877-850-0087 Ext. 0
P.O. Box 2036, Warren, MI 48090-2036

ORIGINAL CREDITOR: HERITAGE CHASE / CHASE BANK

| | |
|---|---|
| Original Creditor Acct #: | XXXXXXXXXXXX9505 |
| Asset Acceptance, LLC Acct #: | 38907731 |
| Current Balance: | $7152.34 |
| DISCOUNTED Settlement Amount: | $357.62 |
| Expiration Date: | 03/31/2014 |

**SETTLEMENT OFFER**
Receive this
**95% DISCOUNT**
when payment is made
on or before 03/31/2014

March 1, 2014

Dear Andre J DesRosiers:

We would like to help you eliminate this debt with us. Your current balance is $7152.34, but if you pay us $357.62 by 03/31/2014, we will close your account and consider it paid. That's a 95% discount or a savings of $6794.72! Why wait? Act now!

**TO ACCEPT THIS OFFER YOU NEED ONLY TAKE ONE OF THE FOLLOWING ACTIONS:**

- Call Christi Wright toll-free at (877) 850-0087 ext. 0 today to discuss the offer details and set up your payment arrangement.
- Go online to aallc.solvemydebt.com using your debit card, credit card, or checking account. Your Login ID is your Asset Acceptance, LLC Acct#: 38907731. Enter the last 4 digits of your Social Security Number for your password.
- Mail a check or money order made payable to Asset Acceptance, LLC using remittance coupon below and the enclosed return envelope.

**BENEFITS OF ACCEPTING THIS OFFER**

- A zero balance on your HERITAGE CHASE / CHASE BANK account with us.
- A paid account letter upon request.

The settlement offer outlined in this letter is guaranteed through the referenced expiration date. After this date, we reserve the right to modify the settlement offer, or revoke it entirely. We are not obligated to renew this offer. Under limited circumstances, Asset Acceptance, LLC may extend the expiration date of this offer.

This offer is void if a previous settlement has been arranged. Please note that the Current Balance was calculated on 02/18/2014 and may vary due to payments and/or accrual of interest after that date.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Christi Wright,
(877) 850-0087 Ext. 0
A debt collector and representative of Asset Acceptance, LLC

 **Call** (877) 850-0087     **Visit** aallc.solvemydebt.com     **Mail slip below with payment**

*Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.*

*If you have a complaint about the way we are collecting this debt, please write to us at PO Box 1658, Warren, MI 48090-1658, email us at consumercomplaints@assetacceptance.com, or call us toll-free at (877) 208-5809 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.*

*The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.*

See Reverse Side For Important Information Regarding Your Privacy Rights.
▼ Fold and detach along perforations and return with your payment. ▼

OS_5115

---

Receive this
**95% DISCOUNT OFFER**
only when payment is made on or before 03/31/2014

**RECEIVE THIS DISCOUNT** WITH YOUR PAYMENT ON OR BEFORE: ▶ **03/31/2014**

RETURN this slip with payment in the envelope provided to receive this limited-time discount offer.



Asset Acceptance, LLC Account # 38907731
Current Balance: $7152.34
DISCOUNTED Settlement Amount: $357.62

ANDRE J DESROSIERS

4

14. The back of Defendant's Letter is as follows:

**ASSET ACCEPTANCE, LLC**
**A DEBT COLLECTION COMPANY**
**PRIVACY POLICY**

ASSET ACCEPTANCE, LLC recognizes the necessity of keeping our information about you secure and confidential. This policy concerns Customer Information about you, which means personally identifiable information about you and your relationship with ASSET ACCEPTANCE, LLC. This policy applies to you whether you are a current or former customer of ours, unless and until you receive a new privacy policy from us. This policy is provided to you as required by the Gramm-Leach-Bliley Act, 15 U.S.C. 6801-6810. You may have additional rights under applicable state law.

INFORMATION SECURITY. We restrict access to Customer Information about you to those employees or service providers who need to know that information to service your account(s). We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your Customer Information. Whenever we hire other organizations to provide support services, we will require them to conform to our privacy standards and to allow us to audit them for compliance.

COLLECTING INFORMATION. We obtain Customer Information about you as permitted by law from: applications or other forms you have filled out; your transactions with us, prior owners of your account, our affiliates, or others; and consumer reports (including credit reports). This information includes your name, your address, your social security number, your current and former employers, your payment history and your account balances.

USING INFORMATION IN CONNECTION WITH THE COLLECTION OF DEBT. If we want to use any of the Customer Information we have obtained about you in connection with the collection of debt, we can only communicate that information with your express permission, or with the express permission of a court, or to you, your attorney, the creditor to whom you owe the debt, that creditor's attorney, our own attorney, or as otherwise permitted by the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. and Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. YOU DO NOT HAVE TO DO ANYTHING IN ORDER TO LIMIT OUR USE AND SHARING OF YOUR CUSTOMER INFORMATION IN CONNECTION WITH THE COLLECTION OF DEBT.

USING INFORMATION FOR OTHER PURPOSES AS PERMITTED BY LAW. If we want to use or share any of the Customer Information we have obtained about you for some purpose other than the collection of debt, we can share that information as permitted by the following laws.

> The Gramm-Leach-Bliley Act allows us to share Customer Information with non-affiliated third parties in certain circumstances such as with companies that provide services to us or that help us administer your account, in connection with the sale of our business assets, and if the sharing is necessary for us to be in compliance with law.

> The Fair Credit Reporting Act allows us to share certain information other than credit report information with debt purchasers affiliated with us.

> The Fair Debt Collection Practices Act allows financial institutions and other businesses to share basic information concerning individual's locations with each other for limited purposes ("skip-tracing"), and Asset Acceptance, LLC both initiates and responds to skip-tracing requests as permitted by law.

15. Defendant's letter offers a "**95% DISCOUNT**" off the "current balance" of the debt and notes that "the Current Balance was calculated on 02/18/2014 and may vary due to payments and/or accrual of interest after that date."

5

16. An unsophisticated consumer reading a letter in the form of Defendant's letter could have been lead to believe that their debt was legally enforceable.

17. Plaintiff at or around the time he received the collection letter was trying to clear up his credit as he was doing financially better.

18. Plaintiff initially was going to pay Asset Acceptance the debt in Defendant's letter, but for advice of counsel decided not to make a payment on it.

19. The debt reflected in Defendant's letter has been in default for more than six years.

20. Asset Acceptance knew that the debt reflected in Defendant's letter was time barred.

21. Asset Acceptance should have known the debt reflected in Defendant's letter was time barred.

22. The debt referenced in Defendant's letter is not listed on Experian's consumer report regarding Plaintiff.

23. According to Experian, on January 4, 2013, Asset Acceptance made an inquiry into Plaintiff's credit history.

24. Charged off credit card accounts typically remain on a person's consumer report for approximately seven years.

25. It is unlikely that Asset Acceptance lacked any knowledge of the age of Plaintiff's debt in Defendant's letter it sought to collect.

26. Plaintiff disputed the validity of the debt in Defendant's letter and in response Asset Acceptance closed the account and stated that the balance of the debt was zero.

27. Asset Acceptance entered into a Consent Decree in the matter, *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T27EAJ, Doc. 5, Consent Decree (M.D. Fla.

6

Jan. 31, 2012), in which it specifically agreed under certain conditions when collecting a debt to state in the collection letter, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

28. Defendant's letter fails to contain the language Asset Acceptance agreed to in its Consent Decree.

29. The Federal Trade Commission ("FTC") has found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least two ways: first, because most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, attempts to collect on such debt may create a misleading impression that the consumer has no defense to a lawsuit; and second, consumers often do not know that in many states the making of a partial payment on a stale debt actually revives the entire debt even if it was otherwise time-barred.

30. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance.

31. Most consumers do not understand their legal rights with respect to time-barred debts.

32. The use of the phrase "Settlement Offer" to the unsophisticated consumer is a phrase used in a civil lawsuit to describe a communication from one party to the other suggesting a settlement – an agreement to end the lawsuit before a judgment is rendered.

7

## COUNT I

33. Plaintiff incorporates paragraphs 1-32 above herein.

34. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --
>
>> (A) the character, amount, or legal status of any debt. . . .
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. 15 U.S.C § 1692f provides in part that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

36. Michigan's statute of limitations applicable to the debt in Defendant's letter is 6 years.

37. Asset Acceptance attempted to collect a debt from Plaintiff that was barred by the Michigan Statute of Limitations.

38. Defendant's letter violates 15 U.S.C. §§ 1692 e(2)(A),(5),(10), and 1692f.

## CLASS ALLEGATION

39. The class consists of: All individuals who were sent a letter, and the letter was not returned, in the form of Defendant's letter sent to Plaintiff making a Settlement Offer with a

95% discount without containing the language in the Consent Decree, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it", at any time between one year prior to the filing of this lawsuit and 20 days thereafter, where the debt was time barred by the applicable statute of limitations.

40.     The subclass consists of: All individuals with a Michigan address who were sent a letter, and the letter was not returned, in the form of Defendant's letter sent to Plaintiff making a Settlement Offer with a 95% discount without containing the language in the Consent Decree, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it", at any time between one year prior to the filing of this lawsuit and 20 days thereafter, where the debt was time barred by the Michigan six-year statute of limitations.

41.     On information and belief, the class and subclass are so numerous that joinder of all members is impractical.

42.     Plaintiff alleges on information and belief that there are more than 40 members of the class and subclass defined above.

43.     There are questions of law and fact common to the class and subclass that predominate over any questions affecting only individual class members.

44.     The predominant common question is whether Asset Acceptance violated the FDCPA when it attempt to collect a time barred debt and did not inform the debtor that, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

45.     Plaintiff will fairly and adequately protect the interests of the class and subclass.

46.     Plaintiff has retained Curtis C. Warner who is counsel experienced in handling class actions and claims involving unlawful business practices.

47.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff, the class and subclass and against Asset Acceptance for, statutory damages, actual damages, attorney's fees and costs of suit.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540
john@kelawpc.com

*Counsel for Plaintiff*

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068

(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540
john@kelawpc.com

*Counsel for Plaintiff*