UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DESROSIERS,

          Plaintiff,          Case No. 14-CV-13704

vs.          HON. GEORGE CARAM STEEH

ASSET ACCEPTANCE, LLC,

          Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND COMPLAINT [DOC. 21)

This case arises from plaintiff Andre Desrosiers' failure to pay his Chase Heritage credit card and defendant Asset Acceptance's attempt to collect the account. Plaintiff filed his initial complaint under the Fair Debt Collection Practices Act ("FDCPA") on September 24, 2014. The complaint alleges defendant violated the FDCPA by attempting to collect a time-barred debt without disclosing the time-barred nature of the account (and that defendant therefore could not pursue litigation to collect the account). The one count in the complaint is referred to as the statute of limitations count. To date there has been written discovery, plaintiff's deposition and the deposition of an Asset witness. Plaintiff has now filed a motion to amend his proposed class action complaint under Fed. R. Civ. P. 15(a) seeking leave to limit the class to only persons in Michigan who received the 95% Settlement Offer letter regarding loans purchased by Asset from Chase Bank. Additionally, plaintiff seeks to "clarify" that he is also claiming a FDCPA violation arising from defendant's attempt to collect interest added after the debt was

charged off by Chase Bank.  Plaintiff acknowledges that the violation of law asserted with regard to the interest issue is related to that alleged in another class action lawsuit, *McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D. Mich. 2013).  This court heard oral argument on plaintiff's motion to amend, and for the reasons set forth herein grants the motion in part and denies the motion in part.

## STANDARD

The standard for granting leave to amend is set forth at Fed. R. Civ. P. 15(a), which provides that "leave shall be freely granted when justice so requires."  The Supreme Court has explained that courts may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ANALYSIS

I. Amendment to Statute of Limitations Class Definition

Plaintiff seeks to narrow the putative class definition regarding the 95% Settlement Offer form letter to include only those persons in Michigan, as opposed to the originally pled nationwide class.  Defendant does not have an objection to this specific amendment to the complaint.  The court GRANTS plaintiff's motion to amend his complaint to limit the statute of limitations class to include all individuals with a Michigan address who were sent a 95% Settlement Offer letter, as stated in paragraph 41 of the proposed amended complaint.

II. <u>Post Charge-Off Interest That Accrued While Chase Bank Held Debt</u>

In paragraph 38 of the proposed amended complaint, plaintiff describes his new improper interest claim:

> Asset Acceptance was attempting to collect an amount within the "Current Balance" listed in Exhibit A, that was comprised of an amount of interest to which it was not entitled to collect as the account had been charged off and the original creditor stopped sending Plaintiff monthly billing statements. The violation of law here is related to that alleged in *McDonald v. Asset Acceptance, LLC* . . . which granted summary judgment in the plaintiffs' favor.

(Proposed Amended Complaint, ¶ 38). In describing the "Improper Interest Class" makeup, the proposed amended complaint states that it consists of:

> All individuals with a Michigan address, where Asset Acceptance purchased their credit card debt from Chase Bank USA, N.A., where Asset Acceptance had added an amount of interest that was not added by the original creditor of the debt prior to purchase by Asset Acceptance, and sought to collect that added interest at any time from September 24, 2013 to October 14, 2014.

(Proposed Amended Complaint, ¶ 42). Finally, in paragraph 47, plaintiff describes the predominant common question to the Improper Interest Class as being "whether Asset Acceptance violated the FDCPA when it attempt [sic] to collect an improper amount of interest on a Chase credit card that was charged off." (Proposed Amended Complaint, ¶ 47).

This claim, based on interest added by Asset which accrued during a period of time when the original creditor Chase owned the account but did not charge interest and in fact charged off the debt, is not only the subject of the *McDonald* class action lawsuit, but apparently is not a claim that plaintiff is making on his own behalf. At oral argument, plaintiff clarified that he was not complaining that Asset had committed this particular

-3-

violation of the FDCPA as to him. Indeed, plaintiff admitted that Asset did not attempt to add interest to his account that accrued while Chase owned his debt. Rather, plaintiff explained that he was lumping that claim, which he suspected is held by others he seeks to represent, together with his claim (described below) under a single claim referred to as "improper interest."

In order to be a class representative, plaintiff "must be part of the class and possess the same interest and suffer the same injury as the class members." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). Clearly this is not the case with this plaintiff. The "improper interest" claim described in the proposed amended complaint is clear in alleging an attempt to collect charged off interest that accrued before Asset acquired the debt. After oral argument, it is also clear that the alleged claim is not held by plaintiff and proposed class representative Andre Desrosiers.

It is not necessary for the court to address the stay that was entered by Judge Battani in the *McDonald* case, since the court concludes that it would be futile to permit plaintiff to amend his complaint, as proposed, to add the improper interest claim. Plaintiff would not survive a motion to dismiss such a claim, nor could he be certified as an adequate class representative as to a claim he does not hold in his own right. Plaintiff's motion to amend complaint to add an improper interest claim is DENIED.

III. Post Charge-Off Interest That Accrued After Asset Acquired Debt

At oral argument, plaintiff's counsel explained that he is also seeking to add a claim for interest incurred *after* Chase sold the debt to Asset. This subset of the "improper interest" claim is based on daily interest accrued from the time Asset acquired the debt from Chase until the debt is satisfied. A fair reading of plaintiff's proposed

amended complaint does not back up counsel's verbal explanation to the court. After engaging counsel in a colloquy regarding the scope of his claim, the court understands that the post-acquisition accrued interest claim is one that plaintiff asserts personally, as well as on behalf of the class he seeks to represent. However, in each of the paragraphs of the proposed amended complaint cited above, plaintiff is clear in describing the improper interest as interest accrued when Chase held the debt, but which was charged off by Chase before it sold the debt to Asset. Interest that accrued after Chase sold the debt to Asset would not have anything to do with interest charged off by Chase, which plaintiff describes as the "predominant common question to the Improper Interest Class". (Proposed Amended Complaint, ¶ 47).

This claim, or aspect of a claim, hesitantly described by plaintiff's counsel at oral argument, is not evident from the face of the proposed amended complaint. For this additional reason, the court DENIES the motion to amend to add an improper interest claim.

## CONCLUSION

For the reasons stated above, plaintiff's motion to amend the complaint is GRANTED to allow the statute of limitations class to be modified from nationwide to Michigan members only. The motion to amend is DENIED to the extent it seeks to add a second claim for improper interest as set forth in plaintiff's proposed amended complaint.

IT IS SO ORDERED.

Dated: May 28, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 28, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk